■ In the Matter of the Claim of CHARLES MORRIS, Respondent, against WAGS TRANSPORTATION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. Appellants contest the findings of accident and of notice. The board found that claimant sustained accidental injuries in the nature of a myocardial infarction caused by unusual exertion and strain in removing from the taxicab which he was employed to operate, a quantity of luggage, including two heavy foot lockers which became attached when the metal corner of one caught on the other. The board was warranted in crediting claimant's account of this accident and the medical proof relating it to his heart attack. The board was likewise entitled to find credible claimant's testimony that he shortly returned to his employer's garage and reported to an assistant manager that he started feeling badly while lifting very heavy bags out of the cab and that he wanted to go home. It is conceded that the assistant manager immediately directed another driver to take claimant to a hospital, where he remained for some six weeks. There was evidence, also, that a week after claimant's attack, his wife called the employer's office and reported the substance of plaintiff's version of the incident and that the employer then sent to claimant a form of claim for sickness and disability benefits. The employer's manager and assistant manager denied knowledge of the episode involving claimant's struggle with the heavy luggage but it is apparent that, at the time, neither considered that such an event could constitute an accident which should be reported. Thus the board

resolved the issues of accident and notice upon sufficient evidence. Appellants stress certain evidence which seemed inconsistent with claimant's testimony and which involved, for the most part, the history taken on hospital admission, the preparation and signing of the claim for sickness and disability benefits and the initial disinclination of one of the hospital physicians to treat the matter as a compensation case. These apparent inconsistencies were not necessarily fatal but, in any event, explanations were advanced which the board might properly find both truthful and reasonable. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.